LAW OFFICES
# MALINA & ASSOCIATES, PLLC

INTELLECTUAL PROPERTY LAW

444 MADISON AVENUE
17TH FLOOR
NEW YORK, N.Y. 10022

BERNARD MALINA
bmalina@malinalaw.com

TELEPHONE: (212) 986-7410
FACSIMILE: (212) 983-8421

August 9, 2010

**VIA ECF AND FEDERAL EXPRESS**

Magistrate E. Thomas Boyle
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Medical Instruments Development, Inc. v. Cook Incorporated, et al.
Civil Action No. 09-1409 (JFB)(ETB)

Dear Judge Boyle:

We represent plaintiff Medical Instruments Development, Inc. ("MIDI") in the above referenced action, and write in response to the letter motion by defendants Cook, Inc. and Cook Medical, Inc. (collectively, "Cook"), submitted August 3, 2010 (the "August 3 Motion"), seeking additional information in response to Cook's Interrogatory Nos. 2 and 4. MIDI submits that it has fully satisfied its discovery obligations and that Cook's requests should be denied. As explained more fully below, Cook's letter omits important background information that shows that MIDI has already fully complied with its discovery obligations.

### A. Background Regarding the Nature and Status of This Action

By way of background, MIDI is a company formed by Dr. Harold Jacob, who is a distinguished and highly regarded doctor, speaker and educator in the field of gastroenterology. Dr. Jacob was the driving force behind the pioneering inventions that are the subject of the six related patents asserted against Cook in this case. The patents-in-suit relate to multi-lumen catheters used for noninvasive surgical procedures that are performed under fluoroscopy in the biliary tract. The inventions were so pioneering and successful that, as Cook's documents produced herein show, Cook's sales personnel were practically begging Cook's development personnel to bring to market a like product. However, in doing so, Cook willfully infringed on MIDI's patents. This was a classic case of a company ignoring the patent rights of others in an attempt to keep pace with the competition.

MALINA & ASSOCIATES, PLLC

Magistrate E. Thomas Boyle
August 9, 2010
Page 2

Dr. Jacob is a practicing gastroenterologist, whose private practice includes a substantial amount of *pro bono* work for patients. Dr. Jacob is a frequent lecturer in his field, and has performed over one thousand gastroenterological surgical procedures, including with the use of several of Cook's devices that are accused of infringing.

Regarding the status of this case, although MIDI served document requests on Cook in November 2009, to our understanding, Cook has yet to produce a single document from its electronic files. While Cook has produced some hard copy files, it still has not produced electronic files, which should encompass a wealth of relevant information, such as engineering drawings for its accused devices, license agreements, and documents relating to its knowledge of competitor products and the patents-in-suit. MIDI has been addressing these and other deficiencies with Cook's counsel in an attempt to resolve them without Court intervention.

**B. Cook Sought and Received Relief From the Court Relating to Interrogatory No. 2, and to the Extent it Seeks More Information Now, Cook Agreed to a Simultaneous Exchange of Such Information in Connection with Claim Construction Briefing**

Cook's August 3 Motion omits important information regarding its request for additional information pursuant to Interrogatory No. 2. First, at the conference held herein on December 4, 2009, Cook sought and promptly obtained relief concerning the information it currently seeks. More specifically, Cook requested and Your Honor ordered that "Plaintiff shall identify the device, patent and claim[s] that are the subject of his infringement action within 10 days." (Document No. 21, attached as **Exhibit A** hereto.)

In compliance with that Order, on December 10, 2010, MIDI served its Supplemental Response to Interrogatory No. 1 ("Detailed Infringement Contentions") (copy attached hereto as **Exhibit B**). MIDI's Detailed Infringement Contentions set forth, as to each asserted patent, *each* claim that MIDI is asserting against Cook, and *each* Cook product that is accused of infringing *each* asserted claim. Notably, Cook omits this information from its August 3 Motion. Indeed, this is the type of information ordered to be disclosed in cases Cook cited in is August 3 Motion. *See, e.g., Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, No. 08-874- ER, 2009 WL 2408422, at *3 (D. Del., Aug. 3, 2009) ("Plaintiff is in a position to articulate which claim terms Defendants have infringed."); *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1255 (Fed. Cir. 1990) (district court ordered that plaintiff "tell each of the defendants what of their products and what portions of their products infringe what portions of your patents").

Second, with respect to Cook's request for a detailed claim construction, at the outset of this case, Cook *agreed* to a simultaneous exchange of detailed claim constructions. (*See* **Exhibit C** hereto, Joint Proposed Case Management Schedule, at p. 6, which jointly proposes a simultaneous "exchange of claim construction including

MALINA & ASSOCIATES, PLLC

Magistrate E. Thomas Boyle
August 9, 2010
Page 3

evidence in support of construction."). Cook further agreed that the exchange of proposed claim construction should take place in conjunction with the *Markman* claim construction hearing. (*See id.* at 6.)

Cook's August 3 Motion carefully omits both of these points, and further omits Cook's acknowledgement that a date for the exchange of such information would not be set until at least the close of discovery (which is June 30, 2011). Cook's counsel noted in a June 5, 2010 letter summarizing the parties' meet-and-confer teleconference on these issues (**Exhibit D** hereto) that "the Magistrate Judge did not agree to the parties' proposed schedule for the *Markman* hearing because he believed that the courts in the Eastern District generally do not hold *Markman* hearings before the close of discovery. As a result, the Magistrate Judge did not adopt any of the parties' proposed dates relating to claim construction, including a date for the *Markman* hearing that occurs before the close of discovery." (*Id.*) Cook's August 3 Motion *also* omits MIDI's June 4, 2010 letter and MIDI's assertion that an exchange of detailed claim construction is premature at this time (**Exhibit E** hereto, at p. 2). Indeed, a simultaneous exchange is also consistent with the sequence and scope of disclosures required by the various courts that have instituted specific rules of patent procedure. *See Suncast Techs., L.L.C. v. Patrician Prods., Inc.*, No. 07-80414-CIV, 2008 WL 179648, at *14 (S.D. Fla. Jan. 17, 2008) (synthesizing the local patent rules of various courts regarding these issues).

### C. MIDI Has Supplemented Its Response to Interrogatory No. 4

MIDI has provided sufficient detail in response to Interrogatory No. 4, which relates to conception and reduction to practice. Cook fails to note that MIDI supplemented its response to Interrogatory 4. (*See* **Exhibit F** hereto, at p. 3.) Cook complains that MIDI has not been sufficiently specific in identifying documents. The conception and reduction to practice of the inventions in the patents dates back to the early and mid-1990's. MIDI has identified the specific documents it is aware of that concern these issues. Those documents are small in number. Cook also has had an opportunity to depose two of the co-inventors on these issues, and will be deposing Dr. Jacob. In short, Cook has been provided with sufficient detail concerning the information sought, and its request for an order to compel should be denied.

Respectfully submitted,

*Bernard Malina* /GKK

BERNARD MALINA

cc: James R. Ferguson, Mayer Brown LLP (via email and ECF)
Jonathan M. Sobel, Sobel & Feller LLP (via email and ECF)
Mitchell S. Feller, Sobel & Feller LLP (via email and ECF)